Mark Oium, Esq. (CSB 79327)
Dana K. Oium, Esq. (CSB 297097)
OIUM REYEN & PRYOR
220 Montgomery Street, Suite 910
San Francisco, CA 94104
Tel: 415-392-8300
Fax: 415-421-1254
Email: mark@orplaw.com

Attorneys for Defendant KONE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAYDEN TOTAH, MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM; ANNE-MARIE TOTAH; ERIC TOTAH, <br><br> Plaintiffs, <br><br> v. <br><br> KONE CORPORATION; THYSSENKRUPP ELEVATOR AMERICA; CITY & COUNTY OF SAN FRANCISCO; and DOES 1 to 15, inclusive. <br><br> Defendants. | USDC Case No. <br><br> San Francisco Superior Court Case No. CGC-19-573894 <br><br> **DEFENDANT KONE INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(b), AND 1446** <br><br><br> Action Filed: February 20, 2019 <br> Trial Date: None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant KONE, Inc., (hereinafter "KONE") hereby removes this action currently pending in the Superior Court of the State of California, County of San Francisco, Case Number CGC-19-573894, to the United States District Court for the Northern District of California. Removal is based on 28 U.S.C. sections 1332, 1441(b), and 1446. In support of its Notice of Removal, KONE offers the following:

# I. PROCEDURAL BACKGROUND AND RELEVANT FACTS.

1. On February 20, 2019, plaintiffs Jayden Totah, a minor, by and through his Guardian Ad Litem, Eric Totah, Anne-Marie Totah, and Eric Totah (hereinafter "Plaintiffs") filed an action in the Superior Court of the State of California for the County of San Francisco entitled *Jayden Totah, by and through his Guardian Ad Litem, Anne-Marie Totah vs. Kone Corporation*, Case Number CGC-19-573894. Plaintiffs' complaint alleges causes of action for negligence, premises liability and products liability arising out of an incident that occurred on April 8, 2018 at San Francisco International Airport. Plaintiff Jayden Totah, a minor, allegedly fell on an escalator and suffered an amputation of his small finger. His mother, Anne-Marie Totah, alleges emotional distress based on observing this incident.

2. On approximately March 12, 2019, plaintiffs served KONE with their summons and complaint. A copy of the summons, complaint and accompanying papers received by KONE in the state court action are attached as **Exhibit A**.

3. At the initial time of the complaint's filing, diversity between the parties was not apparent from the face of plaintiffs' form complaint, and therefore KONE was not able to ascertain whether removal of this action to federal court was proper at that time.

4. KONE filed its Answer to plaintiffs' Complaint on June 3, 2019. A copy of KONE's Answer is attached hereto as **Exhibit B**.

5. On or about June 10, 2019, KONE learned that at the time of the incident at San Francisco International Airport, plaintiffs were traveling to the Netherlands. This prompted KONE to review the San Francisco Superior Court docket to determine whether the other named defendants had been served with the Complaint. Upon review, KONE discovered the Guardian Ad Litem Application and Order filed by plaintiffs appointing plaintiff Eric Totah as plaintiff Jayden Totah's Guardian Ad Litem which provides that Eric Totah is a resident of the State of Hawaii. A copy of the Application and Order for Appointment of Guardian Ad Litem is attached hereto as **Exhibit C**.

6. Plaintiffs' Complaint also names the City and County of San Francisco and ThyssenKrupp Elevator America as defendants. It is KONE's understanding and belief that

DEFENDANT KONE INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(b), AND 1446

defendants City and County of San Francisco and ThyssenKrupp have been served with process and have served their responsive pleadings but are pending filing with San Francisco Superior Court. Copies of the Answers served by defendants City and County of San Francisco and ThyssenKrupp are attached hereto as **Exhibit D**. KONE understands and believes that defendants City and County of San Francisco and ThyssenKrupp will join in the removal of this action.

7.      This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332(a) and (b), and the entire action is subject to removal under 28 U.S.C. section 1441(b) based on the following grounds: plaintiffs are citizens of the State of Hawaii and defendant KONE is a citizen of the States of Delaware and Illinois, and the amount in controversy exceeds $75,000.00, exclusive of interests or costs. Defendant ThyssenKrupp is a citizen of the States of Delaware and Georgia. Defendant City and County of San Francisco is a citizen of the State of California.

8.      Having only discovered the existence of plaintiff Jayden Totah's citizenship, a minor, by and through his Guardian Ad Litem, through KONE's independent investigation of the Court's docket, KONE's Notice of Removal is timely filed within 30 days of first ascertaining that diversity of citizenship exists as grounds for removing this matter pursuant to 28 U.S.C. section 1446(b)(3).

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446.

### A.     Removal Is Timely.

9.      KONE has timely filed and served its Notice of Removal in compliance with 28 U.S.C. section 1446(b), which provides for two thirty-day periods for removal based on diversity jurisdiction. (*Kuxhausen v. BMW Financial Services NA LLC* (9th Cir. 2013) 707 F.3d 1136, 1139 (citations omitted).) "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." (*Id.*) "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." (*Id.*, quoting 28 U.S.C. § 1446(b).)

10. Plaintiffs' form complaint does not provide any information as to the citizenship of the plaintiffs. KONE did not receive a copy of the Application and Order for Appointment of Guardian Ad Litem with the complaint or by other means from plaintiffs. It was not until KONE's counsel and plaintiffs' counsel discussed the case, that counsel for KONE was prompted to review the Court docket for additional information to whether other defendants had been served and obtain the Application and Order for Appointment of Guardian Ad Litem, that KONE was able to determine citizenship of plaintiffs.

11. Having only discovered the citizenship of plaintiff Jayden Totah, by and through his Guardian Ad Litem, after June 10, 2019, through its independent investigation of the Court's docket, KONE's Notice of Removal is timely filed within 30 days of the first ascertainment that diversity of citizenship exists as grounds for removing this matter pursuant to 28 U.S.C. section 1446(b)(3).

**B.    Complete Diversity Exists.**

12. There is complete diversity between plaintiffs and defendants.

13. At the time of filing plaintiffs form complaint, diversity between the parties was not apparent on its face. Plaintiffs' complaint does not identify the citizenship of plaintiffs. (See, Exhibit A, Oium Decl., ¶ 2.) KONE was under no duty to investigate potential facts for removability when the complaint did not clearly and certainly disclose them. (*Kuxhausen v. BMW Financial Services NA LLC* (9th Cir. 2013) 707 F.3d 1136, 1139; *Harris v. Bankers Life & Cas. Co.* (9th Cir. 2005) 425 F.3d 689, 694.)

14. Through KONE's independent investigation of the Court's docket, it discovered that plaintiff Jayden Totah, a minor, by and through his Guardian Ad Litem, Eric Totah, was and is a resident and citizen of the State of Hawaii. (See, Exhibit C, Oium Decl., ¶ 4.)

15. A corporation is a "citizen" of both the state in which it was incorporated and of the state where it has its principal place of business. (28 U.S.C. § 1332(c).) Defendant KONE, Inc., was and is a Delaware corporation with its principal place of business in Moline, Illinois.

DEFENDANT KONE INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(b), AND 1446

16. Defendant ThyssenKrupp Elevator Corporation (sued in the state court action as "ThyssenKrupp Elevator America") was and is a Delaware corporation with its principal place of business in Alpharetta, Georgia.

17. Unless found to be "alter egos" of the state, cities, counties... are "citizens" of the state for diversity purposes. Therefore, they may be sued in federal court on the basis of diversity jurisdiction. (*Moor v. County of Alameda* (1973) 93 S.Ct. 1785, 1799.) Defendant City and County of San Francisco is a citizen of the State of California.

18. Upon information and belief, defendants, City and County of San Francisco and ThyssenKrupp, have been served with process in the state court action but their respective Answers to plaintiffs' Complaint are pending filing in the San Francisco Superior Court. All defendants in the state court action normally must join in the notice of removal. (*Doe v. Kerwood* (5th Cir. 1992) 969 F.2d 165, 168; *Parrino v. FHP, Inc.* (9th Cir. 1998) 146 F.3d 699, 703.) KONE understands and believes that defendants City and County of San Francisco and ThyssenKrupp will join in removal of this action.

19. Upon information and belief, none of the DOE defendants have been substituted with any named defendants or been served with process in the state court action. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. § 1441(b)(1); *Soliman v. Phillip Morris, Inc.,* (9th Cir. 2002) 311 F.3d 966, 971.) Therefore, citizenship of DOES 1 through 15 should be disregarded for purposes of diversity.

**C.      The Amount In Controversy Requirement Is Met.**

20. A defendant may remove a case to federal court, if it is "facially apparent from the allegations of the complaint that the amount in controversy will exceed $75,000." (28 U.S.C. § 2446(c)(2); *Lucett v. Delta Airlines* (5th Cir. 1999) 171 F.3d 295, 298; *see also Dart Cherokee Basin Operating Co., LLC v. Owens* (2017) S.Ct. 547, 553.) When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. (*Singer v. State Farm Mut. Auto Ins. Co.* (9th Cir. 1997) 116 F.3d 373, 376; *Simmons v. PCR Tech.* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1031.)

21.     To determine the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, and punitive damages. (*Richmond v. Allstate Ins. Co.* (S.D. Cal. 1995) 897 F.Supp.447, 449-50.) Additionally, the "amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001 (quoting *Angus v. Shiley, Inc.* (3d Cir. 1993) 989 F.2d 142, 146).) "When the Court 'considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied.'" (*Evans v. CDX, Servs., LLC,* (S.D.W. Va 2007) 528 F.Supp.2d 599, 606.)

22.     Plaintiffs' form complaint provides that the case is an unlimited civil case where damages exceed $25,000. Plaintiff Jayden Totah seeks to recover general and special damages, including medical and hospital bills, and pain and suffering, as a result of a "traumatic amputation of his little finger." (Exhibit A, p. 1, 3-4.) It is KONE's understanding and belief that Jayden was hospitalized and underwent reconstructive surgery to his little finger immediately following the incident. KONE has also been informed that Jayden may require a future surgery on his little finger. Given the severity of Jayden's alleged injury, his claim for past and future medical care, and his medical and hospital bills will likely exceed $75,000. When his pain and suffering is added to the equation, Jayden's claim easily satisfies the amount in controversy requirement.

23.     Plaintiff Anne-Marie Totah, Jayden's mother, also allegedly suffered emotional distress "by virtue of a contemporaneous sensory observation and awareness of her child's injury" as she was on the subject elevator with Jayden at the time of the incident. (Exhibit A, p. 4-5.) Accordingly, it is facially apparent from the complaint that plaintiffs' claims are in excess of $75,000.

///

///

///

DEFENDANT KONE INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(b), AND 1446

### III. KONE HAS MET THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

24. Pursuant to 28 U.S.C § 1446(d), a copy of this Notice of Removal is being served on plaintiffs, and a copy is being filed with the Clerk of the Court for the Superior Court of the State of California for the County of San Francisco.

25. This Notice of Removal is properly filed in the Northern District of California pursuant to 28 U.S.C. § 1446(a).

26. The United States District Court for the Northern District of California, San Francisco Division, is the proper district to where this matter should be assigned because it is the District Court embracing the Superior Court of California, County of San Francisco, where plaintiffs' state court action is pending. (28 U.S.C. § 1441(a); 28 U.S.C. § 84(c)(1).)

27. Pursuant to 28 U.S.C. section 1446(a), a true and correct copy of all process, pleadings and orders served upon all defendants in this action are attached hereto as Exhibits A and D.

WHEREFORE, Defendant KONE, Inc., prays that this action be removed from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

Respectfully submitted,

OIUM REYEN & PRYOR

Dated: July 2, 2019

_____
Mark Oium, Esq.
Dana K. Oium, Esq.
Attorneys for Defendant KONE Inc.

## CERTIFICATE OF SERVICE
Pursuant USDC Local Civil Rules, Rule 5-5(a)

***Totah v KONE, et al.***
**United States District Court, Northern District Action No. _____**
**(San Francisco Superior Court Action No.: CGC-19-573894)**

The undersigned hereby certifies that she is an employee of Oium Reyen & Pryor, 220 Montgomery Street, #910, San Francisco, CA and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that on **July 2, 2019**, she caused a copy of the following documents:

- **Civil Cover Sheet; and**
- **Defendant KONE Inc.'s Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446**

to be served by First Class Mail upon the person at the place and address(es) stated below, which is the current or last known address for said parties:

| | |
|---|---|
| Joseph Hoffman, Esq.<br>Weinberg-Hoffman, LLC<br>679 Bridgeway<br>Sausalito, CA 94965<br>**Attorney for Plaintiffs** | Anne M. Asiano, Esq.<br>Matthew Brand, Esq.<br>Clark Hill LLP<br>One Embarcadero Center, #400<br>San Francisco, CA 94111<br>**Attorneys for Defendant City and County of San Francisco** |
| Christopher T. Olsen, Esq.<br>Olsen & Brueggemann, APC<br>2150 Park Place, Suite 100<br>El Segundo, CA 90245<br>**Attorney for Defendant ThyssenKrupp** | |

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and this Certificate of Service was executed on **July 2, 2019** in San Francisco, California.

_____
Sue San Fong

# EXHIBIT A

# EXHIBIT A



## Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Diana Himes<br>KONE Inc.<br>1 Kone Ct<br>Moline, IL 61265-1374 |
| **Electronic copy provided to:** | Rhonda Bailey<br>Britta Lue |

| | |
|---|---|
| **Entity:** | KONE Inc.<br>Entity ID Number 2576508 |
| **Entity Served:** | Kone Corporation |
| **Title of Action:** | Jayden Totah, by and through his Guardian Ad Litem; Anne-Marie Totah vs. Kone Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | San Francisco County Superior Court, CA |
| **Case/Reference No:** | CGC-19-573894 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/09/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Joseph Hoffinan<br>415-289-0243 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Joseph Hoffman (SB 114020)
Weinberg-Hoffman, LLC
679 Bridgeway
Sausalito, CA. 94965
TELEPHONE NO: 415-289-0243    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* JHatWHCR@aol.com
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS:
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA.
BRANCH NAME:

**NO SUMMONS ISSUED**

ENDORSED
**FILED**
*San Francisco County Superior Court*

**FEB 20 2019**

CLERK OF THE COURT
BY: KALENE APOLONIO
*Deputy Clerk*

PLAINTIFF: Jayden Totah, minor, by and through his Guardian Ad Litem; Anne-Marie Totah; Eric Totah

DEFENDANT: Kone Corporation; ThyssenKrupp Elevator America; City & County of San Francisco

☐ DOES 1 TO  15

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ AMENDED *(Number):*
Type *(check all that apply):*
☐ MOTOR VEHICLE    ☐ OTHER *(specify):*
   ☐ Property Damage    ☐ Wrongful Death
   ☑ Personal Injury    ☐ Other Damages *(specify):*

Jurisdiction *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
   Amount demanded    ☐ does not exceed $10,000
                 ☐ exceeds $10,000, but does not exceed $25,000
☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

CASE NUMBER:
**CGC-19-573894**

1. Plaintiff *(name or names):* Jayden Totah, minor by his Guardian Ad Litem; Anne-Marie Totah; Eric Totah
alleges causes of action against defendant *(name or names):*
Kone Corporation; ThyssenKrupp Elevator America; City & County of San Francisco ("CCSF")

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
  a. ☑ except plaintiff *(name):* Jayden Totah
    (1) ☐ a corporation qualified to do business in California
    (2) ☐ an unincorporated entity *(describe):*
    (3) ☐ a public entity *(describe):*
    (4) ☑ a minor ☐ an adult
       (a) ☑ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
       (b) ☐ other *(specify):*
    (5) ☐ other *(specify):*
  b. ☐ except plaintiff *(name):*
    (1) ☐ a corporation qualified to do business in California
    (2) ☐ an unincorporated entity *(describe):*
    (3) ☐ a public entity *(describe):*
    (4) ☐ a minor ☐ an adult
       (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
       (b) ☐ other *(specify):*
    (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Totah v. Kone | |

4. ☐ Plaintiff *(name):*

      is doing business under the fictitious name *(specify):*

      and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
    a. ☑ **except** defendant *(name):* Kone Corporation
        (1) ☐ a business organization, form unknown
        (2) ☑ a corporation
        (3) ☐ an unincorporated entity *(describe):*

        (4) ☐ a public entity *(describe):*

        (5) ☐ other *(specify):*

    c. ☑ **except** defendant *(name):* CCSF
        (1) ☐ a business organization, form unknown
        (2) ☐ a corporation
        (3) ☐ an unincorporated entity *(describe):*

        (4) ☑ a public entity *(describe):*

        (5) ☐ other *(specify):*

    b. ☑ **except** defendant *(name):* ThyssenKrupp
        (1) ☐ a business organization, form unknown
        (2) ☑ a corporation
        (3) ☐ an unincorporated entity *(describe):*

        (4) ☐ a public entity *(describe):*

        (5) ☐ other *(specify):*

    d. ☐ **except** defendant *(name):*
        (1) ☐ a business organization, form unknown
        (2) ☐ a corporation
        (3) ☐ an unincorporated entity *(describe):*

        (4) ☐ a public entity *(describe):*

        (5) ☐ other *(specify):*

    ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
    a. ☑ Doe defendants *(specify Doe numbers):* _1-10_ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
    b. ☑ Doe defendants *(specify Doe numbers):* _11-15_ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
    a. ☐ at least one defendant now resides in its jurisdictional area.
    b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
    c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
    d. ☑ other *(specify):*
        CCSF is a public entity.

9. ☑ Plaintiff is required to comply with a claims statute, **and**
    a. ☑ has complied with applicable claims statutes, **or**
    b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property**
**Damage, Wrongful Death**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Totah v. Kone | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☑ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
   (2) ☐ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
   (1) ☑ according to proof
   (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 2/15/18

Joseph Hoffman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Totah v. Kone | |

**FIRST** _____ **CAUSE OF ACTION—Products Liability** Page ___4___

    (number)

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* All Plaintiffs

Prod. L-1. On or about *(date):* 4/8/2018        plaintiff was injured by the following product:
Jayden Totah, by and through his G.A.L, suffered a traumatic amputation of his small finger.
Anne-Marie Totah suffered emotional distress by virtue of a contemporaneous sensory observation and
awareness of her child's injury. Father, Eric totah, responsible for child's medical and hospital bills.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects.
    The product was defective when it left the control of each defendant. The product at the time of injury
was being
    ☐ used in the manner intended by the defendants.
    ☑ used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not
    readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
    ☐ purchaser of the product.       ☑ user of the product.
    ☐ bystander to the use of the product.     ☑ other *(specify):*
        father, responsible for medical bills

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4. ☑ **Count One—Strict liability** of the following defendants who
    a. ☑ manufactured or assembled the product *(names):*
        Kone Corporation

        ☐ Does _____ to _____

    b. ☑ designed and manufactured component parts supplied to the manufacturer *(names):*
        Kone Corporation

        ☑ Does ___1___ to ___5___

    c. ☑ sold the product to the public *(names):*
        Kone & CCSF placed the escalator at SFO for public use

        ☑ Does ___6___ to ___8___

Prod. L-5. ☑ **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):*
    ThyssenKrupp Elevator America; CCSF
    ☑ Does ___9___ to ___10___

Prod. L-6. ☐ **Count Three—Breach of warranty** by the following defendants *(names):*

        ☐ Does _____ to _____
    a. ☐ who breached an implied warranty
    b. ☐ who breached an express warranty which was
        ☐ written ☐ oral

Prod. L-7. ☑ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
    ☐ listed in Attachment-Prod. L-7 ☑ as follows:
        DOE defendants 11-15

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]
    **CAUSE OF ACTION—Products Liability**     
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

| SHORT TITLE:<br>Totah v. Kone | CASE NUMBER: |
|---|---|

SECOND _____ CAUSE OF ACTION—General Negligence    Page _5_
   (number)

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Anne-Marie Totah

       alleges that defendant *(name):* All Defendants

           [ ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* 4/8/2018
at *(place):* SFO, Escalator 1314

*(description of reasons for liability):*
Anne-Marie Totah is the mother of minor child, Jayden Totah.

She was on the subject escalator with her child at the time he suffered a traumatic amputation of his small finger, caused by the escalator.

She had a contemporaneous sensory awareness, and observation, of the injury producing event, and was then aware that the escalator had caused injry to her child.

Thus, she is entitled to recover damages for her emotional distress pursuant to Thing v. La Chusa, (1989) 48 Cal. 3d 644, and progeny.

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12<br>www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Totah v. Kone | |

<u>THIRD</u>            **CAUSE OF ACTION—Premises Liability**    Page   6
    (number)

ATTACHMENT TO   [✔] Complaint   [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

**Prem.L-1. Plaintiff** *(name):* All Plaintiffs
   alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
   On *(date):* 4/8/118        plaintiff was injured on the following premises in the following
   fashion *(description of premises and circumstances of injury):*
   Minor child and his mother were riding escalator ES 1314, in an intended and/or reasonably
   forseeable manner, when child suffered a traumatic amputation of small finger.

   Father is G.A.L. and responsible for child's medical and hospital bills.

**Prem.L-2.**  [✔] **Count One—Negligence** The defendants who negligently owned, maintained, managed and
        operated the described premises were *(names):*
        All Defendants

        [ ] Does _____ to _____

**Prem.L-3.**  [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
        or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
        *(names):*

        [ ] Does _____ to _____
        Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

**Prem.L-4.**  [✔] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
        on which a dangerous condition existed were *(names):*
        CCSF

        [ ] Does _____ to _____
        a. [ ] The defendant public entity had [ ] actual [✔] constructive notice of the existence of the
            dangerous condition in sufficient time prior to the injury to have corrected it.
        b. [ ] The condition was created by employees of the defendant public entity.

**Prem.L-5. a.** [✔] **Allegations about Other Defendants** The defendants who were the agents and employees of the
        other defendants and acted within the scope of the agency were *(names):*

        [✔] Does  1  to  10

     b. [✔] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
        [ ] described in attachment Prem.L-5.b [✔] as follows *(names):*
        Does 11-15.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
       **CAUSE OF ACTION—Premises Liability**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Joseph Hoffman (SB 114020)
Weinberg-Hoffman, LLP
679 Bridgeway
Sausalito, CA. 94965

TELEPHONE NO.: 415-289-0243   FAX NO.:
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS:
MAILING ADDRESS: 400 McAllister
CITY AND ZIP CODE: San Francisco, CA.
BRANCH NAME:

CASE NAME:
Jayden Totah, et. al, v. Kone Corporation, et. al.

**FOR COURT USE ONLY**

NO SUMMONS ISSUED
ENDORSED
**FILED**
*San Francisco County Superior Court*

FEB 2 0 2019

CLERK OF THE COURT
KALENE APOLONIO
BY: _____
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-19-573894 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Products Liability, Negligence, Premises Liability
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Feb. 15, 2018
Joseph Hoffman
_____ (TYPE OR PRINT NAME)          _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. By designating a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
 Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment (*non-domestic relations*)
 Sister State Judgment
 Administrative Agency Award (*not unpaid taxes*)
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
 Declaratory Relief Only
 Injunctive Relief Only (*non-harassment*)
 Mechanics Lien
 Other Commercial Complaint Case (*non-tort/non-complex*)
 Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Kone Corporation; ThyssenKrupp Elevator America; City and county of
San Francisco; Does 1-15

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jayden Totah, minor, by and through his Guardian Ad Litem;
Anne-Marie Totah; Eric Totah

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco County Courts
400 McAllister
San Francisco, CA.

</td><td>

CASE NUMBER:
*(Número del Caso):* CGC-19-573894

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Hoffman, Weinberg-Hoffman, LLP, 679 Bridgeway, Sausalito, CA. 94965   415-289-0243

DATE: **MAR 1 2 2019**                  CLERK OF THE COURT        **KALENE APOLONIO**            , Deputy
*(Fecha)*                                  *(Secretario)*                                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under:  ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** JUL-24-2019

**TIME:** 10:30AM

**PLACE:** Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**(415) 551-3869**

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

A05462.26

# 350467

**FILED**
In the office of the Secretary of State
of the State of California

JUN – 7 2000

*Bill Jones*
BILL JONES, Secretary of State

## AMENDED STATEMENT BY FOREIGN CORPORATION

KONE Inc., doing business in California as
Delaware KONE Inc.    KONE Inc.
_____
(Name of Corporation)

KONE Inc., doing business in California
__as Delaware KONE Inc.__    KONE Inc.___, a corporation organized

and existing under the laws of ___Delaware_____, and which is presently
(State or Place of Incorporation)

qualified for the transaction of intrastate business in the State of California, makes the

following statement:

That the name of the corporation has been changed to that hereinabove set forth and

that the name relinquished at the time of such change was __Montgomery KONE Inc.__

_____

_____

KONE Inc., doing business in
California as Delaware KONE Inc.
_____
(Name of Corporation)

*Michael Bauschka*
_____
(Signature of Corporate Officer)

__Michael Bauschka    VP Fiancial Accounting__
(Typed Name and Title of Officer Signing)

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE SAID "MONTGOMERY KONE INC.", FILED A CERTIFICATE OF AMENDMENT, CHANGING ITS NAME TO "KONE INC.", THE TWELFTH DAY OF OCTOBER A.D. 1999, AT 9 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CORPORATION IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE NOT HAVING BEEN CANCELLED OR DISSOLVED SO FAR AS THE RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT BUSINESS.

*Edward J. Freel, Secretary of State*

0507417  8320

001003883

AUTHENTICATION:  0178335

DATE:  01-04-00

# EXHIBIT B

# EXHIBIT B

Mark Oium, Esq. (CSB 79327)
OIUM REYEN & PRYOR
220 Montgomery Street. Suite 910
San Francisco, CA 94104
Tel: 415-392-8300
Fax: 415-421-1254
Email: mark@orplaw.com

Attorney for Defendant KONE INC.

ELECTRONICALLY
**FILED**
Superior Court of California,
County of San Francisco

**06/03/2019**
Clerk of the Court
BY: EDWARD SANTOS
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| **JAYDEN TOTAH, MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM ANNE-MARIE TOTAH; ERIC TOTAH,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**KONE CORPORATION; THYSSENKRUPP ELEVATOR AMERICA; CITY & COUNTY OF SAN FRANCISCO; and DOES 1 to 15, inclusive.**<br><br>**Defendants.** | Case No. CGC-19-573894<br><br>**ANSWER OF DEFENDANT KONE INC. TO PLAINTIFFS' COMPLAINT** |

COMES NOW defendant KONE Inc. and answers to plaintiffs' Complaint as follows:

## I.

Answering the Complaint against defendant and all of the allegations contained therein and pursuant to the provisions of California Code of Civil Procedure Section 431.30, this answering defendant denies all of the allegations contained in said Complaint. Further, this answering defendant denies that plaintiffs are entitled to the relief prayed for, or any relief at all, from said defendant.

///

**II.**

AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, and to each and every allegation therein contained, this answering defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

**III.**

AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, and to each and every allegation therein contained, this answering defendant alleges that the acts, conduct and omissions of plaintiffs actually and proximately caused any injuries alleged in the Complaint, which injuries are denied herein, and this answering defendant has no liability to plaintiffs for any portion of fault attributable to plaintiffs.

**IV.**

AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, and to each and every allegation therein contained, this answering defendant alleges that plaintiffs were comparatively negligent in bringing about their own damage in the matter and style set forth in the decision of Supreme Court of the State of California in the case of Li v. Yellow Cab Company, (1975) 13 Cal.3d 804 and this defendant prays that any and all damages sustained by plaintiffs, if any there be, be reduced by the percentage of plaintiffs' own negligence.

**V.**

AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, and to each and every allegation therein contained, this answering defendant alleges that said injuries allegedly sustained by plaintiffs were either wholly or in part negligently caused by persons, firms, corporations or entities other than this answering defendant and that said negligence comparatively reduces the percentage of negligence, if any, by this answering defendant.

///

# VI.

AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, and to each and every allegation therein contained, this answering defendant alleges that said Complaint is barred by the Statute of Limitations set forth within the Code of Civil Procedure of the State of California.

# VII.

AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, and to each and every allegation therein contained, defendant avers that it has not yet completed a thorough investigation and study and complete discovery of all of the facts and circumstances of the subject matter of said Complaint, and accordingly, reserves the right to amend, modify, revise or supplement its Answer, and to plead such further defenses and take such further action as it may deem proper and necessary in its defense upon the completion of said investigation and study.

# VIII.

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, and to each and every allegation therein contained, it is alleged that plaintiffs, and/or persons, firms, corporations or entities other than this answering defendant, misused and abused said product and/or failed to use said product for the purpose for which it was intended, which misuse and abuse is imputed to plaintiffs, thereby barring any recovery by plaintiffs herein.

# IX.

AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, and to each and every allegation therein contained, it is alleged that plaintiff's employer was negligent and careless and that this carelessness and negligence on the part of the plaintiff's employer proximately caused or contributed to the damages, if any, sustained by the plaintiff, and that by reason thereof, this answering defendant is entitled to a reduction in any verdict which may be rendered against this defendant in the amount of any benefits paid or payable to the plaintiff on behalf of plaintiff's employer,

pursuant to the decision, <u>Ass. Construction & Engineering Co. of Cal. v. WCAB</u>, 22 Cal. 3d 829, 150 Cal.Rptr. 888 (1978).

X.

AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, and to each and every allegation therein contained, defendant alleges that should plaintiffs recover any damages in this action that said damages be computed pursuant to California Civil Code Section 1431.2.

WHEREFORE, defendant prays that:

1.     Judgment be awarded in favor of defendant;

2.     Plaintiffs take nothing by way of their action;

3.     Defendant be awarded its costs of suit; and

4.     For such other and further relief as the Court deems meet and proper in the premises.

Respectfully submitted,

OIUM REYEN & PRYOR

Dated: June 3, 2019

_____

Mark Oium, Esq.
Attorney for Defendant KONE Inc.

**PROOF OF SERVICE**
*Totah vs. KONE Inc.*
**San Francisco County Superior Court Action No. CGC-19-573894**

I am a citizen of the United States. My business address is 220 Montgomery Street, Suite 910, San Francisco, California 94104. I am employed in the County of San Francisco where this service occurs. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On **June ⟨3⟩, 2019**, following ordinary business practice, I served the foregoing document(s) described as:

**Answer of Defendant KONE Inc. to Plaintiffs' Complaint**
on the interested parties in said action addressed as follows:

| | |
|---|---|
| Joseph Hoffman, Esq.<br>Weinberg-Hoffman, LLC<br>679 Bridgeway<br>Sausalito, CA 94965<br>**Attorney for Plaintiffs** | |

_____   (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the facsimile number(s) set forth above, or as stated on the attached service list, on this date before 5:00 p.m.

__X__   (BY MAIL) by placing a true and correct copy of the document(s) listed above enclosed in a sealed envelope(s) with postage thereon fully prepaid in the United States Mail at San Francisco, California.

_____   (BY PERSONAL SERVICE) by placing a true and correct copy of the document(s) listed above enclosed in a sealed envelope(s) and causing said envelope(s) to be delivered by hand this date to the offices of the addressee(s).

_____   **Electronically** on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website, pursuant to San Francisco Superior Court General Order No. 158.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **June ⟨3⟩, 2019**, at San Francisco, California.

_____
Sue San Fong

# EXHIBIT C

# EXHIBIT C



CIV-010

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY (Name, State Bar number, and address):
Joseph Hoffman (SB 114020)
Weinberg-Hoffman, LLP
679 Bridgeway
Sausalito, CA. 94965
TELEPHONE NO.: 415-289-0243     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS:
MAILING ADDRESS: 400 McAllister
CITY AND ZIP CODE: San Francisco, CA. 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: Eric Totah

DEFENDANT/RESPONDENT: City and County of San Francisco, et. al.

**FILED**
San Francisco County Superior Court

MAR 0 4 2019

CLERK OF THE COURT
BY: _____
Deputy Clerk

FEB 2 0 2019

| APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL<br>☑ EX PARTE | CASE NUMBER:<br>CGC-19-573894 |
|---|---|

NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant (name): Eric Totah                                    is
   a. ☑ the parent of (name): Jayden Totah
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☑ a party to the suit.
   e. ☐ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Eric Totah     (831-566-4619)
   Hiolani Street
   Pukalani, Hawaii

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Jayden Totah

4. The person to be represented is:
   a. ☑ a minor (date of birth): 7/27/2016
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
   The minor child, Jayden totah, suffered a traumatic amputation of his small finger while riding an escalator at SFO.

☐ Continued on Attachment 5a.

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Code of Civil Procedure,
§ 372 et seq.

| PLAINTIFF/PETITIONER: Eric Totah | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: City and County of San Francisco, et. al. | CGC - 19 - 573894 |

5. b. [ ] more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. [ ] the person named in item 3 has no guardian or conservator of his or her estate.

d. [✔] the appointment of a guardian ad litem is necessary for the following reasons (specify):
To maintain a civil lawsuit for damages on behalf of the minor child.

[ ] Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. [✔] related (state relationship): Father
b. [ ] not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

[ ] Continued on Attachment 7.

Joseph Hoffman
(TYPE OR PRINT NAME)                                      (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: January 28, 2019.

Eric Totah
(TYPE OR PRINT NAME)                                      (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: January 28 2019.

Eric Totah
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER    [✔] EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Eric Totah
is hereby appointed as the guardian ad litem for (name): Jayden Totah
for the reasons set forth in item 5 of the application.

Date: February 25, 2019

[ ] SIGNATURE FOLLOWS LAST ATTACHMENT
                                                    JUDICIAL OFFICER
                                                    GARRETT L. WONG

## APPLICATION AND ORDER FOR APPOINTMENT
## OF GUARDIAN AD LITEM—CIVIL



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Mar-04-2019 10:46 am

Case Number: CGC-19-573894

Filing Date: Mar-04-2019 10:43

Filed by: JHULIE ROQUE

Image: 06710855

PETITION OF APPOINTMENT OF GUARDIAN AD LITEM

JAYDEN TOTAH ET AL VS. KONE CORPORATION ET AL

001C06710855

**Instructions:**
Please place this sheet on top of the document to be scanned.

# Exhibit D

# Exhibit D

1  Ann M. Asiano, Esq., SBN 94891
   Matthew T. Brand, Esq., SBN 295377
2  **CLARK HILL LLP**
   One Embarcadero Center, Suite 400
3  San Francisco, CA 94111
   Telephone:    (415) 984-8500
4  Facsimile:    (415) 984-8599
   AAsiano@ClarkHill.com
5  MBrand@ClarkHill.com

6  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **COUNTY OF SAN FRANCISCO**

10

11  JAYDEN TOTAH, minor, by and through his       Case No. CGC-19-573894
    Guardian Ad Litem; ANNE-MARIE TOTAH;
12  ERIC TOTAH,                                   **DEFENDANT CITY AND COUNTY OF SAN
                                                  FRANCISCO'S ANSWER TO PLAINTIFFS'**
13                            Plaintiffs,         **COMPLAINT**

14        v.

15  KONE CORPORATION; THYSSENKRUPP
    ELEVATOR AMERICA; CITY AND
16  COUNTY OF SAN FRANCISCO; DOES 1-15,
                                                  Complaint Filed:  February 20, 2019
17                            Defendants.

18

19        Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "CCSF" or

20  "answering defendant") answers the Complaint on file herein by Plaintiffs JAYDEN TOTAH, minor,

21  by and through his Guardian Ad Litem, ANNE-MARIE TOTAH and ERIC TOTAH (hereinafter

22  referred to as "Plaintiffs").  Pursuant to CALIFORNIA CODE OF CIVIL PROCEDURE Sections 431.30, and

23  431.30(d), CCSF generally denies Plaintiffs' unverified Complaint in its entirety and each cause of

24  action, all and singular, generally and specifically, the allegations contained in the unverified

25  complaint. CCSF further specifically denies that Plaintiffs have been damaged in any sum or sums, or

26  at all.

27  ///

28

                                          1

**AFFIRMATIVE DEFENSES**

CCSF alleges the following in its Answer:

**FIRST AFFIRMATIVE DEFENSE**

AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that Plaintiffs were themselves careless and negligent in and about the matters alleged in the complaint, and that said carelessness and negligence on Plaintiffs' own part proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of the Plaintiffs shall diminish their recovery herein in direct proportion to the extent of such negligence under the doctrine of comparative negligence.

**SECOND AFFIRMATIVE DEFENSE**

AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that prior to and at the time of the occurrence of the alleged incident which is the subject of Plaintiffs' complaint, Plaintiffs had knowledge of those matters alleged in the complaint, that Plaintiffs did with the above-mentioned knowledge voluntarily and of their own free will place themselves in an unsafe and dangerous position, and by reason thereof said Plaintiffs had assumed the risk and all risks ordinarily incident thereto; and said assumption of risk bars recovery herein.

**THIRD AFFIRMATIVE DEFENSE**

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that neither the complaint, nor any of the alleged causes of action therein, states facts sufficient to constitute a cause of action against CCSF. To the extent that the allegations of Plaintiffs' complaint attempt to enlarge upon the facts and/or contention set forth if a claim if any, filed by Plaintiffs, the Complaint fails to state a cause of action, and violates the provisions of CALIFORNIA GOVERNMENT CODE , Chapter 1 commencing with Section 900) and Chapter 2 (commencing with Section 910). This answering defendant reserves the right to strike any such allegations and objects to any evidence directed to prove them.

///

DEFENDANT CCSF'S ANSWER TO PLAINTIFFS' COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that any and all acts or omissions of this answering defendant, its agents or employees, which allegedly caused the injuries or damages set forth in Plaintiffs' complaint, were the result of the exercise of discretion vested in them. Pursuant to CALIFORNIA GOVERNMENT CODE § 815.2 and 820.2, this answering defendant is, therefore, not liable for the alleged injuries and damages complained of.

## FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that Plaintiffs failed to mitigate their alleged damages as required by law.

## SIXTH AFFIRMATIVE DEFENSE

AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that if there is any negligence or liability of any of the parties named herein, it is the sole and exclusive negligence of other defendants and not of CCSF. Therefore, Plaintiffs have failed to join all necessary and indispensable parties to this action that may have contributed and/or caused the alleged incident.

## SEVENTH AFFIRMATIVE DEFENSE

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that said damages sustained by Plaintiffs were, either wholly or in part, negligently caused by persons, firms, corporations or entities other than this answering defendant, and said negligence comparatively reduces the percentage of negligence, if any, by this answering defendant.

## EIGHTH AFFIRMATIVE DEFENSE

AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that at all times and places set forth in the complaint and the individual causes of action thereof Plaintiffs were actively negligent in and about the matters alleged therein and because of such active negligence is barred from recovery

1   herein.

2                     **NINTH AFFIRMATIVE DEFENSE**

3        AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE

4   UNVERIFIED COMPLAINT ON FILE HEREIN, this answering defendant's liability, if any, and

5   which liability is expressly denied, shall be allocated in accordance with CALIFORNIA CIVIL CODE

6   SECTION 1431 *et seq.* (Prop. 51).

7                     **TENTH AFFIRMATIVE DEFENSE**

8        AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE

9   UNVERIFIED COMPLAINT ON FILE HEREIN, this answering defendant without admitting

10   liability or that Plaintiffs have suffered or will suffer any loss, damage or injury, answering defendant

11   alleges, in the alternative, that any loss, damage or injury which Plaintiffs have suffered or will suffer,

12   as alleged in the Complaint or otherwise, is the direct and proximate result of the

13   unforeseen/unforeseeable negligent, grossly negligent or criminal acts or omissions of an intervening

14   third party or parties, or other acts or omissions for which such party or parties may be strictly liable,

15   and that such acts or omissions completely bar any recovery against this answering defendant.

16   Pursuant to CALIFORNIA GOVERNMENT CODE §820.8, this answering defendant is, therefore, not

17   liable for any such alleged injuries or damages complained of.

18                   **ELEVENTH AFFIRMATIVE DEFENSE**

19        AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

20   (WEIGHING OF BENEFITS VERSUS HARM) TO THE UNVERIFIED COMPLAINT ON FILE

21   HEREIN, CCSF alleges that CIVIL CODE §§ 1431.1, *et seq.*, limit general damages and abate joint and

22   several liability. CCSF requests that the Court apportion the damages, if any, and requires CCSF to

23   pay only its fair and legal percentage of liability as determined by the trier of fact and/or law.

24                   **TWELFTH AFFIRMATIVE DEFENSE**

25        AS A TWELFTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE

26   COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges that

27   Plaintiffs' complaint, each claim asserted therein and any and all acts of omissions of this answering

28   defendant, its agents or employees, which allegedly created a dangerous condition of the property at

DEFENDANT CCSF'S ANSWER TO PLAINTIFFS' COMPLAINT

1   the time and place of incident alleged in Plaintiffs' complaint, is barred on the grounds that CCSF's

2   actions were in accordance with and/or approval of a master plan and design for construction of an

3   improvement of public property, which plan and design had been approved in advance of the

4   construction and improvement by the proper legislative body and public employees exercising

5   discretionary authority to give such approval; said plan and design were prepared in conformity with

6   standards previously so approved; and said approvals were reasonable. Pursuant to CALIFORNIA

7   GOVERNMENT CODE §830.6, this answering defendant's actions, therefore, were completely

8   privileged and immune from liability. Thus, this answering defendant is not liable for any of the

9   alleged injuries or damages complained of.

10              **THIRTEENTH AFFIRMATIVE DEFENSE**

11          AS A THIRTEENTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE

12   COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges that it is

13   entitled to recover reasonable expenses including, but not limited to attorney's fees and costs from

14   Plaintiffs and their counsel in that Plaintiffs' complaint on file herein is frivolous; was brought and

15   maintained without reasonable cause and in bad faith, and therefore is totally and completely without

16   merit. (CALIFORNIA GOVERNMENT CODE §§ 128.5, 128.7, 1021.7, and 1038.)

17              **FOURTEENTH AFFIRMATIVE DEFENSE**

18          AS A FOURTEENTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE

19   COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges that

20   Plaintiffs' complaint is barred to the extent that said complaint is not substantially identical with the

21   scope of Plaintiffs' claims, if any, pursuant to the California Tort Claim Act.

22              **FIFTEENTH AFFIRMATIVE DEFENSE**

23          AS A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

24   THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that Plaintiffs were

25   responsible for the acts and damages of which they complain, and by reason thereof are estopped

26   from obtaining any damages as a result thereof. This defense applies both to equitable estoppel as

27   well as judicial estoppel.

28   ///

## SIXTEENTH AFFIRMATIVE DEFENSE

AS A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that Plaintiffs failed to file said complaint within the time delineated in the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

AS A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that Plaintiffs are barred by reason of the fact that CCSF is immune from prosecution under the claims and for the acts alleged by virtue of CALIFORNIA GOVERNMENT CODE SECTION 800 *et seq.,* and more particularly but not limited to §§ 815, 815.4, 815.6, 818, 818.6, 818.8, 820.2, 820.4, 820.6, 820.8, 821, 821.4, 821.6, 821.8, 830 AND 835 *et seq.,* and by virtue of CALIFORNIA GOVERNMENT CODE §§ 900 *et seq.*

## EIGHTEENTH AFFIRMATIVE DEFENSE

AS AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that Plaintiffs failed to present a GOVERNMENT TORT CLAIM pursuant to the applicable portions of the CALIFORNIA GOVERNMENT CODE.

## NINETEENTH AFFIRMATIVE DEFENSE

AS A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that CCSF cannot be held vicariously liable for any other parties' actions, pursuant to the court's holding in *John R. v. Oakland Unified School District.*

## TWENTIETH AFFIRMATIVE DEFENSE

AS A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that CCSF's actions in investigating and addressing Plaintiffs' allegations are privileged and immune from liability pursuant to all applicable code sections, including but not limited to GOVERNMENT CODE SECTION 810-996.6 inclusive, and the court's holding in *Nicole M. v. Martinez Unified School District.*

///

## TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that Plaintiffs' claims are barred against CCSF pursuant to the principals of *sovereign immunity*, including but not limited to Amendment XI of the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

AS A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that the causes of action contained in Plaintiffs' complaint fail to set forth any statutory basis for the causes of actions. The condition of the property as alleged in Plaintiffs' complaint did not constitute a substantial risk of injuries, but rather a minor, trivial, or insignificant risk which did not create a dangerous condition of the property and, therefore, those causes of action are barred. In particular, Plaintiffs have failed to articulate a dangerous condition as required by GOVERNMENT CODE §830.2; 835, 835.2 *et. seq.*

## TWENTY-THIRD AFFIRMATIVE DEFENSE

AS A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, CCSF alleges that this complaint is barred by the doctrine of laches, failure of conditions and unclean hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

AS A TWENTY-FOURTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges that, at the time and place of the injuries alleged in the Complaint, Plaintiffs were not exercising ordinary care, caution or prudence to prevent the acts complained of from occurring, and that the injuries and damages, if any, as alleged in the Complaint and which herein are denied, were proximately caused by the Plaintiffs' own failure to exercise ordinary care, caution and prudence.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

AS A TWENTY-FIFTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges that Plaintiffs were given or had available to their administrative remedies, the administrative remedies

1 | were not exhausted and has therefore failed to state a claim upon which relief can be granted.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

AS A TWENTY-SIXTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges that at all times mentioned in the complaint on file herein, and immediately prior thereto, CCSF acted reasonably and in good faith within its specific authority and jurisdiction and upon reasonable grounds, and with the reasonable belief in the lawfulness of its conduct. Any and all acts or omissions of this answering defendant, its agents or employees, which allegedly created a condition of property or relative to the condition of the property at the time and place alleged in Plaintiffs' complaint, were reasonable. Pursuant to CALIFORNIA GOVERNMENT CODE § 835.4(a) and § 835.4(b) this answering defendant, is, therefore, not liable for any of the alleged injuries or damages complained of.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

AS A TWENTY-SEVENTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges that the Complaint and each cause of action stated therein are barred by Plaintiffs' waiver of those claims.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

AS A TWENTY-EIGHTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges that at all relevant times, an entity and/or person(s) other than this answering Defendant acted in a negligent, careless and reckless manner which is a superseding intervening cause of Plaintiffs' injuries, losses and damages, if any, as alleged in the Complaint and which herein are denied.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

AS A TWENTY-NINTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO. THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges that Plaintiffs acknowledged, ratified, consented to or acquiesced in the acts or omissions of Defendant, if any, as alleged in the Complaint and which hereby are denied, thus barring Plaintiffs from any relief as prayed for in the Complaint.

///

DEFENDANT CCSF'S ANSWER TO PLAINTIFFS' COMPLAINT

## THIRTIETH AFFIRMATIVE DEFENSE

AS A THIRTIETH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges, adopts and incorporates any and all other defenses raised or to be raised by any other defendant joined in this litigation to the extent that said defenses are not inconsistent with CCSF's assertions that it is not liable to Plaintiffs or anyone for any amount whatsoever arising out of this lawsuit.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

AS A THIRTY-FIRST, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF reserves the right to raise additional affirmative and other defenses as they are discovered or otherwise become available.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

AS A THIRTY-SECOND, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges that Plaintiffs' damages, if any, are limited, excluded, and/or preempted by and pursuant to the provisions of the AIRLINE DEREGULATION ACT, 49 U.S.C. §41713.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

AS A THIRTY-THIRD, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges that Plaintiffs' Complaint is barred on the grounds that the FEDERAL AVIATION ACT (P.L. 5-726, 72, formerly codified as 49 U.S.C. § 1301, *et. seq.* now recodified into 49 U.S.C. §40101 *et. seq.*)

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

AS A THIRTY-FOURTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF is not liable because the alleged defect Plaintiffs complains of in their Complaint was open and obvious.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

AS A THIRTY-FIFTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges that

Plaintiffs had the last clear chance to avoid the alleged defect complained of Plaintiffs' Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

AS A THIRTY-SIXTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF alleges that the premises condition which is alleged to have caused Plaintiffs' injuries as complained of Plaintiffs' Complaint was not discoverable by reasonable inspection.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

AS A THIRTY-SEVENTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, Plaintiffs' complaint is barred in its entirety for failure to assert any statutory basis upon which this answering defendant may be liable. There is no common law governmental tort liability in California, and a public entity is not liable for any act or omission of itself unless otherwise provided by statute which has not been pled. California Government Code §§ 815, 815.2, 818, 818.8, 820.2, 820.4, 820.6, 820.8, 821.6 and 822.2, and California Penal Code §§ 834a, 835, 835a and 847.

## THIRTY -EIGHTH AFFIRMATIVE DEFENSE

AS A THIRTY-EIGHTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, Plaintiffs have failed to comply with the claims presentation and/or filing requirements of Government Code §§ 900 et seq., including, particularly, §§ 901, 905, 910, 911.2, 911.4, 945.4, 945.6, 950.2 and Code of Civil Procedure § 313.

## THIRTY -NINTH AFFIRMATIVE DEFENSE

AS A THIRTY-NINTH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF did not create the alleged condition. Government Code § 835(a).

## FORTIETH AFFIRMATIVE DEFENSE

AS A FORTIETH, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, CCSF was not put on actual or constructive notice of alleged condition. Government Code §§ 835(b) and 835.2.

## FORTY-FIRST AFFIRMATIVE DEFENSE

AS A FORTY-FIRST, SEPARATE AND FURTHER AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, Plaintiffs' complaint is fatally defective to the extent that it attempts to state causes of action and/or facts not fairly reflected in a timely filed government tort claim.

WHEREFORE, CCSF prays as follows:

1.   That Plaintiffs take nothing by their Complaint and that CCSF be dismissed;

2.   For reasonable attorneys' fees

3.   That judgment be rendered in favor of CCSF;

4.   That CCSF be awarded costs incurred in defense of this action; and

5.   That the Court provide such other relief as it deems fit and proper.

Dated: June 25, 2019                          CLARK HILL LLP

                                              By: _____
                                                  Ann M. Asiano
                                                  Matthew T. Brand
                                                  Attorneys for Defendant
                                                  CITY AND COUNTY OF SAN FRANCISCO

## PROOF OF SERVICE

I am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to this action. My business address is One Embarcadero Center, Suite 400, San Francisco, California 94111.

On June 25, 2019, I served the foregoing document, described as

### DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO PLAINTIFFS' COMPLAINT

on the interested parties in this action by placing a true copy of said documents enclosed in separate sealed envelopes to the following addresses:

| | |
|---|---|
| Joseph Hoffman, Esq.<br>WEINBERG-HOFFMAN LLC<br>679 Bridgeway<br>Sausalito, CA 94965 | Attorneys for Plaintiffs |
| Mark Oium, Esq.<br>OIUM REYEN & PRYOR<br>220 Montgomery Street<br>Suite 910<br>San Francisco, CA 94104<br>Tel: 415-392-8300<br>mark@orplaw.com | Attorneys for Defendant<br>KONE INC. |
| Christopher T. Olsen, Esq.<br>OLSEN & BRUEGGEMANN APC<br>2150 Park Place<br>Suite 100<br>El Segundo, CA 90245<br>cto@oblawapc.com | Attorneys for Defendant<br>THYSSENKRUPP ELEVATOR AMERICA |

**BY EMAIL** – I caused the above-referenced document to be transmitted via email to the parties as listed on this Proof of Service.

XXX **BY ELECTRONIC TRANSMISSION:** I submitted the document(s) via E-Filing through File&ServeXpress for E-service on the recipients designated on the Transaction Receipt located on the File&ServeXpress website.

I declare under penalty of perjury under the laws of the state of California, that the above is true and correct. Executed on June 25, 2019 at San Francisco, California.

_____
Zoe Conner

Christopher T. Olsen, Esq. (Bar No. 143915)
Mark Brueggemann, Esq. (Bar No. 183660)
Thomas M. Gaffney. (Bar No. 321456)
**OLSEN & BRUEGGEMANN**
2150 Park Place, Suite 100
El Segundo, California 90245
Phone: 310-773-3280

Attorneys for Defendant/Cross-Defendant, thyssenkrupp Elevator Corporation

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JAYDEN TOTAH, MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM; ANNE-MARIE TOTAH; ERIC TOTAH,<br><br>        Plaintiffs,<br><br>        v.<br><br>KONE CORPORATION; THYSSENKRUPP ELEVATOR AMERICA; CITY & COUNTY OF SAN FRANCISCO; and DOES 1 to 15, inclusive.<br><br>        Defendants.<br>_____<br>THYSSENKRUPP ELEVATOR CORPORATION,<br><br>        Cross-Complainants,<br><br>        v.<br><br>ROES 1-25, inclusive,<br><br>        Cross-Defendants. | Case No.  CGC-19-573894<br><br>**THYSSENKRUPP ELEVATOR CORPORATION'S ANSWER TO COMPLAINT**<br><br><br>Action Filed:   February 20, 2019<br>Trial Date:     None Set |

COMES NOW Defendant, thyssenkrupp Elevator Corporation, and answering the

unverified Complaint ("Complaint") of Plaintiff Jayden Totah, Minor, By and Through His

1

1    Guardian Ad Litem; Anne-Marie Totah; Eric Totah, ("Plaintiff") for itself alone and not for any
2    other Defendant herein, and hereby admits, denies and alleges as follows:
3        1.    Under the provisions of §431.30(d) of the California Code of Civil Procedure, this
4    answering Defendant denies generally and specifically each, every and all of the allegations
5    contained in said unverified Complaint and the whole thereof, and each and every alleged cause
6    of action thereof, and particularly denies that Plaintiffs sustained any injuries or damages in the
7    sum or sums alleged, or in any other sum or sums, or at all.

8    **FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE**
9    **DEFENSE HEREIN, THIS ANSWERING DEFENDANT ALLEGES:**

10       2.    This answering Defendant is informed and believes and upon such information
11   and belief alleges, that prior to and at the time of the incident, as alleged in said unverified
12   Complaint, Plaintiffs were careless and negligent in the manner in which they conducted
13   themselves in, on, and about the premises referred to in the unverified Complaint, and in the use
14   thereof. Further, said Plaintiffs were careless and negligent in that they failed to keep a proper
15   outlook for their own safety and welfare and failed to exercise such control over their persons
16   and activities so as to avoid the accident, and failed to use ordinary care under the conditions and
17   circumstances existing. Said carelessness and negligence as aforesaid proximately caused and
18   contributed to the injuries, if any, and the damages, if any, sustained by the Plaintiffs, and
19   reduces Plaintiffs' right to recover in proportion to the degree of fault attributable to Plaintiffs.

20   **FOR A SECOND, SEPARATE, AND DISTINCT AFFIRMATIVE**
21   **DEFENSE HEREIN, THIS ANSWERING DEFENDANT ALLEGES:**

22       3.    This answering Defendant is informed and believes, and upon such information
23   and belief alleges, that prior to and at the time of the accident, as alleged in Plaintiffs' unverified
24   Complaint, Plaintiffs were aware of the conditions existing in, on and about said premises, and
25   with full knowledge of the conditions, voluntarily placed themselves in the location and position
26   referred to in the unverified Complaint and conducted herself in such a manner so as to assume
27   any risk involved under the conditions and circumstances existing.
28   //

2

## FOR A THIRD, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

4.      This answering Defendant is informed and believes, and upon such information and belief alleges, that Plaintiffs failed to use the subject product in such a manner as it was intended or reasonably foreseeable to this Defendant. Said misuse proximately caused and contributed to the injuries and damages, if any, sustained by the Plaintiffs.

## FOR A FOURTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

5.      Plaintiffs' unverified Complaint, and each alleged cause of action thereof, fails to state grounds upon which relief may be granted, under any of the theories relied upon by Plaintiffs, or under any theories whatsoever.

## FOR A FIFTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

6.      That any injuries and damages alleged by Plaintiffs, if any, arose in whole or in part due to Plaintiffs' failure to mitigate their damages, if any.

## FOR A SIXTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

7.      Defendant denies that it was guilty of any acts of negligence and denies that any acts on its part directly and proximately caused or contributed to any injuries or damages allegedly sustained by Plaintiffs.

## FOR A SEVENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

8.      The damages alleged by Plaintiffs, if any, were proximately caused by the acts, recklessness, carelessness, negligence and liability of other persons, individuals and entities and this Defendant requests that an allocation of such liability be made among such other persons, individuals and entities, and that, if any liability is found on the part of this Defendant, judgment against said Defendant be only in the amount which is proportionate to the extent and percentage by which the Defendant's acts or omissions caused or contributed to the Plaintiffs' damages.

3

## FOR AN EIGHTH, SEPARATE, AND DISTINCT AFFIRMATIVE
## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

9. Plaintiffs are barred from the recovery sought herein pursuant to the provisions of the applicable statute of limitations and/or statute of repose, including, but not limited to California Code of Civil Procedure §§ §§ 335.1, 337, 337.1, 337.15, 338, 339, 340.5, 341, 343 and/or Commercial Code § 2725.

## FOR A NINTH, SEPARATE, AND DISTINCT AFFIRMATIVE
## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

10. That if Plaintiffs suffered or sustained any loss, damage or injury at or about the time and place alleged, the same were the direct and proximate result of the improper use, care, repair, alteration maintenance and/or modification of the subject product by Plaintiffs, Plaintiffs' agents and/or other individuals or entities other than this answering Defendant.

## FOR A TENTH, SEPARATE, AND DISTINCT AFFIRMATIVE
## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

11. That the condition and/or circumstances alleged by Plaintiffs in the complaint, the existence of which Defendant hereby denies, was open and obvious to Plaintiffs, and any claim for relief by Plaintiffs are accordingly barred.

## FOR AN ELEVENTH, SEPARATE, AND DISTINCT AFFIRMATIVE
## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

12. The subject product was not in a dangerous condition at the time of the alleged incident, and was safe for its intended use and purpose, and contained sufficient warnings thereupon at the time said product is alleged to have left the possession of this answering Defendant.

## FOR A TWELFTH, SEPARATE, AND DISTINCT AFFIRMATIVE
## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

13. This answering party is informed and believes and on that basis alleges that under and pursuant to the express terms of Civil Code Section 1431.1 through 1431.5, Plaintiffs are barred from recovery against this answering party for any non-economic damages, except those

4

1  allocated to this party in direct proportion herein from parties actual percentage of any such fault,
2  or damages there may be.

### FOR A THIRTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE
### DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

14.   That this answering party is informed and believes and based thereon alleges that at all times relevant herein, Plaintiffs and/or Plaintiffs' employer, principals and/or agents were negligent in failing to properly supervise and control the activities of Plaintiffs and said failure proximately resulted in all or some loss, damage and/or injury, if any, alleged to have been suffered by Plaintiffs, and that Plaintiffs are thereby barred from recovering all or such portion of said damages to the extent that Plaintiffs and/or Plaintiffs' parent, agents were responsible for such damages.

### FOR A FOURTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE
### DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

15.   That the condition and/or circumstances alleged by Plaintiffs in the complaint, the existence of which Defendant hereby denies, was trivial in nature, and any claim for relief is accordingly barred.

### FOR A FIFTEENTH SEPARATE, AND DISTINCT AFFIRMATIVE
### DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

16.   Plaintiffs' complaint contains improper requests for damages not authorized by the causes of action asserted.

### FOR A SIXTEENTH SEPARATE, AND DISTINCT AFFIRMATIVE
### DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

17.   Plaintiffs have waived and/or released any right to recovery upon the facts alleged in the Complaint and is, therefore, barred from asserting such claims.

### FOR A SEVENTEENTH SEPARATE, AND DISTINCT AFFIRMATIVE
### DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

18.   The losses and/or damages alleged by Plaintiffs, the existence of which Defendant herein expressly denies, were proximately caused by the intervening and superseding acts of

1 others, which intervening and superseding acts bar and/or diminish Plaintiffs' recovery, if any ,
2 against this answering Defendant.

3        **FOR AN EIGHTEENTH SEPARATE, AND DISTINCT AFFIRMATIVE**
4             **DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

5      19.    Plaintiffs are estopped from recovering damages from this answering Defendant.

6        **FOR A NINETEENTH SEPARATE, AND DISTINCT AFFIRMATIVE**
7             **DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

8      20.    Plaintiffs are estopped from seeking relief from Defendant herein because of the
9 following facts: Plaintiffs became aware of the facts sought to be relied upon in the Complaint
10 some time ago and have not provided reasonable notice, nor made a claim against this answering
11 Defendant within a reasonable time, to the prejudice of this answering Defendant. Said conduct
12 by Plaintiffs herein is inequitable and bars them from recovery herein.

13        **FOR A TWENTIETH SEPARATE, AND DISTINCT AFFIRMATIVE**
14             **DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

15      21.    Plaintiffs' causes of action asserted herein are barred by Plaintiffs' lack of privity
16 of contract, and/or are otherwise barred by the statute of frauds.

17        **FOR A TWENTY-FIRST SEPARATE, AND DISTINCT AFFIRMATIVE**
18             **DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

19      22.    Plaintiffs have waived any and all rights to recover damages from this answering
20 Defendant.

21        **FOR A TWENTY-SECOND SEPARATE, AND DISTINCT AFFIRMATIVE**
22             **DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

23      23.    Plaintiff's' action and relief in equity are barred by the Doctrine of Unclean
24 Hands.

25        **FOR A TWENTY-THIRD SEPARATE, AND DISTINCT AFFIRMATIVE**
26             **DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

27      24.    Any and all damages alleged by Plaintiffs were not proximately caused by any
28 acts, omissions, or conduct of this answering Defendant.

1  ## FOR A TWENTY-FOURTH SEPARATE, AND DISTINCT AFFIRMATIVE
2  ## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3      25.     This answering Defendant alleges on information and belief that Defendant did
4  not have either actual or constructive notice of the conditions or circumstances alleged, if any,
5  which existed at the times and places mentioned in the Complaint, in order to have taken any
6  measures to protect against such conditions.  Accordingly, Plaintiffs are barred from the relief
7  requested herein.

8  ## FOR A TWENTY-FIFTH, AND DISTINCT AFFIRMATIVE
9  ## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

10     26.     Plaintiffs consented to the acts allegedly taken by this answering Defendant,
11  thereby barring them from recovering damages from this answering Defendant.

12  ## FOR A TWENTY-SIXTH SEPARATE, AND DISTINCT AFFIRMATIVE
13  ## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

14     27.     Any and all events, happenings and damages, if any, as alleged in the Complaint,
15  were the result of an unforeseeable act of God.

16  ## FOR A TWENTY-SEVENTH SEPARATE, AND DISTINCT AFFIRMATIVE
17  ## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

18     28.     Plaintiffs are barred from any recovery in this action because this answering
19  Defendant at all times complied with the applicable standard of care.

20  ## FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE
21  ## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

22     29.     The Complaint, and each purported cause of action therein, is barred by the
23  doctrine of laches.

24  ## FOR A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE
25  ## DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

26     30.     Plaintiffs are barred from the relief requested herein as Plaintiffs did not
27  reasonably or justifiably rely on any promise, representation or warranty of Defendant herein.
28  //

7

## FOR A THIRTIETH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

31.     The Complaint, and each and every purported cause of action therein is subject to dismissal due to Plaintiffs' counsel's delay in prosecution thereof.

## FOR A THIRTY-FIRST, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

32.     Plaintiffs' complaint contains improper requests for damages not authorized by contract or statute.

## FOR A THIRTY-SECOND, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

33.     Defendant denies that the subject product was unreasonably dangerous, but in the event such product is found to be dangerous, which Defendant expressly denies, Defendant alleges that the employer, principals and/or agents of Plaintiffs, knew and/or should have known of the warnings regarding the product and of the possible dangers and risks incident to the product, but failed to warn of such dangers and risks, and accordingly, such failure to warn was the sole cause of Plaintiffs' claimed damages and injuries, if any.

## FOR A THIRTY-THIRD, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

34.     Plaintiffs are barred from suing this answering Defendant as this answering Defendant did not place the alleged product in the stream of commerce, nor have any involvement therewith.

## FOR A THIRTY-FOURTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

35.     Plaintiffs are barred from suing this answering Defendant as any agreement between this answering Defendant, any Cross-Defendants and/or Plaintiffs, if any, expressly contained a provision excluding this and/or all liabilities.

//

//

## FOR A THIRTY-FIFTH SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

36.     Defendant is informed and believes, and thereon alleges, that the allegations of the Complaint refer to obligations non-existent, not contracted for, and/or outside of any agreements between this answering Defendant, and/or Plaintiffs, thus barring or diminishing recovery of Plaintiffs herein.

## FOR A THIRTY-SIXTH SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

37.     Defendant is informed and believes, and thereon alleges, that any and all agreements between this answering Defendant, and any Cross-Defendants and/or Plaintiffs, if any, contain valid and enforceable limits of liability, which reduce or bar Plaintiffs' recovery.

## FOR A THIRTY-SEVENTH SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

38.     Defendant is informed and believes, and thereon alleges, that any and all agreements between this answering Defendant and Plaintiffs, and/or any other entities, if any, preclude Defendant from being liable vicariously or for consequential damages from Plaintiffs.

## FOR A THIRTY-EIGHTH SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

39.     Without conceding that any act caused damage to Plaintiffs or any other person in any respect, any alleged obligations of this answering Defendant should be offset by any damages caused by Plaintiffs and/or any Defendants and/or any Cross-Defendants.

## FOR A THIRTY-NINTH SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

40.     Defendant alleges that the design, manufacture, and marketing of the alleged products were in conformity with the "state of the art" existing at the time of such design, manufacture, and marketing. Furthermore, Defendant alleges that liability (including, but not limited to, strict liability) may not be imposed as to properly manufactured products distributed with information regarding the risks of which the manufacturer knew at the time of manufacture,

1  and liability may not be imposed for untold risks not known at the time of such design,
2  manufacture, and marketing of the product. Therefore, Plaintiffs' claims are barred.

### FOR A FORTIETH SEPARATE, AND DISTINCT AFFIRMATIVE
### DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

5  41.  If any dangerous or defective condition existed in the product sold by Defendant,
6  which is denied, said condition was caused and created by damage, abuse, or changes occurring
7  after the time the product left the custody or control of Defendant. Furthermore, Defendant
8  alleges based upon information and belief such risks were entirely unknown to this answering
9  Defendant, thus barring Plaintiffs' recovery against this answering Defendant.

### FOR A FORTY-FIRST SEPARATE, AND DISTINCT AFFIRMATIVE
### DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

12  42.  Defendant is informed and believes, and on that basis alleges, that after any
13  alleged product left the possession and control of Defendant, and without Defendant's
14  knowledge or approval, the alleged product was redesigned, modified, altered, incorporated into
15  another product, or subjected to treatment that substantially changed its character. The alleged
16  defect in any mixed or integrated product, as alleged in the Complaint, resulted, if at all, from the
17  redesign, modification, alteration, treatment, mixture or other change of the product sold by
18  Defendant after Defendant relinquished possession and control over the product and not from
19  any act or omission by Defendant.

### FOR A FORTY-SECOND SEPARATE, AND DISTINCT AFFIRMATIVE
### DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

22  43.  Plaintiffs' claims are barred because the exclusive remedy for the Plaintiffs
23  alleged injuries, if any, is before the California Worker's Compensation Appeals Board pursuant
24  to the exclusive remedy provisions of the California Worker's Compensation Act (see California
25  Labor Code section 3600 et seq.)
26  //
27  //
28  //

10

**FOR A FORTY-THIRD SEPARATE, AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

44.     Plaintiffs' claims are barred and precluded due to employee and/or employer negligence.

**FOR A FORTY-FOURTH SEPARATE, AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

45.     Plaintiffs' claims are barred and precluded due to any OSHA and/or CAL-OSHA

**FOR A FORTY-FIFTH SEPARATE, AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

46.     Plaintiffs' claims are barred and/or reduced by the offsets afforded under the Worker's Compensation system herein.

**FOR A FORTY-SIXTH SEPARATE, AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

47.     Plaintiffs are barred from suing responding Defendant as Plaintiffs cannot satisfy the requirements of Ray v. Alad.

**FOR A FORTY-SEVENTH SEPARATE, AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

48.     Plaintiffs are precluded, contractually and/or statutorily, from bringing this action in this venue and/or jurisdiction.

**FOR A FORTY-EIGHTH SEPARATE, AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

49.     Plaintiffs are precluded, contractually and/or statutorily, by exclusive jurisdiction and/or choice of law provisions pursuant to any agreement between this Answering Defendant, and any other Defendants, Cross-Defendants and/or Plaintiffs.

//
//
//
//

11

**FOR A FORTY-NINTH SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

50.     Plaintiffs are precluded from the relief sought herein because of the failure to comply with mandatory dispute requirements pursuant to any agreements between this answering Defendant and any other Defendants, Cross-Defendants and/or Plaintiffs.

**FOR A FIFTIETH SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

51.     Any and all warranties accompanying the sale of this product alleged in the Complaint, whether express or implied, have been effectively disclaimed.

**FOR A FIFTY-FIRST SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

52.     Plaintiffs' claims are barred by the sophisticated user doctrine.

**FOR A FIFTY-SECOND SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:**

53.     This answering Defendant owed no duty to warn of the alleged danger because Plaintiffs were a sophisticated user of the alleged product.

WHEREFORE, this answering Defendant prays that Plaintiffs, take nothing against it by reason of the action herein, and that this answering Defendant has judgment against Plaintiffs for costs incurred herein, and for such other and further relief as the Court deems just and proper.

DATED: June 27, 2019                          OLSEN & BRUEGGEMANN, APC

                                        By: _____
                                              Mark Brueggeman, Esq.
                                              Attorneys for Defendants,
                                              thyssenkrupp Elevator Corporation

12

**PROOF OF SERVICE:**
(California Code of Civil Procedure § 1013A(3))

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2150 Park Place, Suite 100, El Segundo, California 90245.

On June 27, 2019, I served the foregoing document described as: **THYSSENKRUPP ELEVATOR CORPORATION'S ANSWER TO COMPLAINT** on the parties to this action by placing a true copy thereof in a sealed envelope or package addressed to the person(s) at the address(es) as set forth below and caused said envelope or package to be served in the following manner:

**SEE SERVICE LIST BELOW**

(By Mail) I caused such envelope or package with postage thereon fully prepaid to be placed in the United States mail at El Segundo, California. I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit
__X__ for the mailing in affidavit.

(By Fax) I caused such documents to be faxed at El Segundo, California. The facsimile machine I used compiled with Rule 2.301 of the California Rules of Court, and no error was reported by the machine. Pursuant to Rule 2.306(h), I caused the machine to print a record of the transmission, a copy of which is attached to this
_____ declaration.

(By Personal Service) I caused such envelope or package to be delivered by hand to the
_____ addressee(s).

(By Electronic Mail) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address [add secretary email address] to the person(s)s at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any
_____ electronic message or other indication that the transmission was unsuccessful.

(State) I declare under the penalty of perjury under the laws of the State of California
__X__ that the foregoing is true and correct.

(Federal) I declare that I am employed in the office of a member of the bar of this court
_____ at whose direction this service was made.

Executed on June 27, 2019 at El Segundo, California.

Thomas M. Gaffney

13

| | |
|---|---|
| Joseph Hoffman<br>WEINBERG-HOFFMAN, LLC<br>679 Bridgeway<br>Sausalito, CA 94965<br>T: (415) 289-0243<br>JHatWHCR@aol.com<br><br>Attorneys for Plaintiff JAYDEN TOTAH,<br>MINOR, BY AND THROUGH HIS<br>GUARDIAN AD LITEM; ANNE-MARIE<br>TOTAH; ERIC TOTAH | Ann Asiano, Esq.<br>Matthew T. Brand, Esq.<br>CLARK HILL, LLP<br>One Embarcadero Center, Suite 400<br>San Francisco, California 94111<br>T: (415) 984-8500\| F: (415) 984-8599<br>MBrand@ClarkHill.com<br><br>Attorneys for Defendant, CITY & COUNTY<br>OF SAN FRANCISCO |
| Mark Oium, Esq. (CSB 79327)<br>Dana K. Oium, Esq. (CSB 297097)<br>OIUM REYEN & PRYOR<br>220 Montgomery Street. Suite 910<br>San Francisco, CA  94104<br>Tel:  415-392-8300<br>Fax:  415-421-1254<br>Email:  mark@orplaw.com<br><br>Attorneys for Defendant KONE<br>CORPORATION | |

THYSSENKRUPP ELEVATOR CORPORATION'S ANSWER TO COMPLAINT